**Robert Lee GANT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9509–CR–1033.

Supreme Court of Indiana.

July 15, 1996.

Aaron E. Haith, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A jury found appellant Robert Lee Gant guilty of murder, Ind.Code Ann. § 35–42–1–1 (West Supp.1995), in the killing of Dale Cheshier. The trial court sentenced him to sixty years in prison. Gant appeals on the basis that the evidence is insufficient to support his conviction. We affirm.

In reviewing claims about the sufficiency of the evidence, we neither weigh the evidence nor judge the credibility of the witnesses. We consider the evidence favorable to the jury's verdict and all reasonable inferences which can be drawn from it. If there is substantial evidence of probative value from which a trier of fact could find guilty beyond a reasonable doubt, we affirm. *Campbell v. State*, 500 N.E.2d 174 (Ind.1986).

The evidence at trial showed that Cheshier and Walker Eugene King drove to the Hawthorne Apartments in Indianapolis to buy drugs. Cheshier stopped the car, and a fellow known as Ducky approached the drivers' side window. Cheshier asked if he could get "two for thirty-five", and Ducky agreed. Cheshier gave him some money and Ducky tendered some drugs. As Cheshier began to drive away, Ducky complained loudly that the money was short of the agreed amount. Cheshier backed up and exited the car. An argument ensued and Ducky hit Cheshier on the face with his hand. Gant stepped forward with a shotgun, pointing it alternatively at Cheshier and at King, who had also exited the vehicle. Gant shot Cheshier from a distance of about five feet. Gant and Ducky laughed and ran away.

King drove off looking for help. He eventually accompanied the police to headquarters, giving statements about the night's events. He later identified Gant in court as the shooter. Gant challenges the credibility of King's testimony on several grounds. He notes that King initially gave police an alias, apparently because there were outstanding warrants for his own arrest. He also challenges King's ability to identify the shooter later at night in unfavorable lighting conditions.

These points do reflect on the credibility of King as a witness, but assessing King's credibility was a matter for the jury at trial and not for us on appeal. *Whitt v. State*, 499 N.E.2d 748 (Ind.1986). The jury was certainly entitled to believe King, but even if the jury did not believe him, it could well have found Gant guilty on the basis of Gant's own description of the crime just a few days after the event. Engaged in conversation with a police confidential informant who was recording the exchange, Gant said:

All right I was standin' over there talkin' to Jeff Mitchell, and uh, uh Ducky was servin' this dude, right, and I heard Ducky say no man, no. So Ducky said Rob man let me see your gun man, dude won't give me my dope or no money. So Ducky stepped back, and they tried to roll off, he got out of the car and tryin' to talk to Ducky and shit, and Ducky stormin', he, he, he went back and goin' to, back toward Ducky, then that's when his buddy jumped

out of the car. So I blasted him and took off, man.

R. at 362.

All things considered, the evidence was more than sufficient to support the jury's verdict.

We affirm the judgment of the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.