**Thomas Lee ANDERSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 79S00–9708–CR–439.

Supreme Court of Indiana.

Aug. 20, 1998.

Phillip R. Smith, Lafayette, for Appellant.

Jeffrey A. Modisett, Attorney General, Janet Brown Mallett, Deputy Attorney General, Indianapolis, for Appellee.

BOEHM, Justice.

Thomas Lee Anderson was convicted of the murder of Jim Hurt and sentenced to sixty years imprisonment. He presents three issues in his direct appeal, restated as follows:

I. Were Anderson's federal or state constitutional rights violated by participation of an inactive member of another state's bar in his prosecution?

II. Was Anderson's trial counsel ineffective for failing to request a competency hearing?

III. Was the evidence sufficient to support the conviction of murder?

We affirm.

### Factual and Procedural History

The principal evidence at trial was the testimony of Michael Mortenson, Anderson's roommate. Anderson, Hurt and Mortenson had been acquaintances for several years. When the three returned to Hurt's house after an evening of driving around and drinking, Hurt asked Anderson to help him carry a case of beer into his garage. Mortenson waited in the car in the driveway. Mortenson soon witnessed a fight between Anderson and Hurt that started in the garage and moved first to the lawn near the driveway and then back into the garage. Mortenson could not determine who started the fight or which of the two chased the other out of the garage, onto the lawn and then back to the garage. Anderson eventually returned to the car and told Mortenson that they had to leave. On their way home Anderson told Mortenson, "I stabbed Jim Hurt." Hurt made his way to a neighbor's porch where he died from blood loss due to a stab wound to the neck. He suffered four other stab wounds, one of which would also have been fatal.

At trial, Officer Kohne testified that when he arrived at Anderson's apartment on the night Hurt died, Anderson told him that he knew why he was there. Anderson identified the folding knife on his coffee table as the knife he carried with him to Hurt's house that day. Anderson told Kohne that after Hurt started a fight by hitting Anderson in the back of the head, "he pulled out his knife . . . and stuck it into Jimmy's (Hurt's) neck."

The jury returned a guilty verdict and the trial court sentenced Anderson to sixty years.

### I. Prosecution by an Unlicensed Attorney

Lisa Pratt Benson was admitted by the trial court *pro hac vice* and participated in the prosecution team led by Chief Deputy Prosecuting Attorney John Meyers. Benson had represented to the trial court that she was a member in good standing of the bars of Louisiana and Texas. In fact, she was at the time on inactive status in Louisiana and not admitted in Texas. When this circumstance came to light after the trial, Anderson moved to set aside the verdict based on Benson's participation in the prosecution team, contending that it violated his federal and state constitutional rights.

If Anderson's claim amounts to an attack on Benson's authority as a *de facto* prosecutor it requires a showing of prejudice to reverse Anderson's conviction. *Cox v. State*, 493 N.E.2d 151, 160 (Ind.1986). Anderson argues, however, that because the trial court admitted Benson on fraudulent representations about the status of her license in Louisiana and Texas, she was a usurper[1] of the office of prosecuting attorney and therefore could not assume *de facto* authority. From this premise Anderson concludes he need not show prejudice from Benson's participation. However, Benson was acting under the authority of Meyers, her supervisor, and accordingly was not a usurper in the first place. An appointment—or other grant of authority—gives the appointee at least colorable title to office. An appointee is not a usurper. *Snurr v. State*, 105 Ind. 125, 132, 4 N.E. 445, 449 (1886). *See also State v. Sutherlin*, 165 Ind. 339, 350, 75 N.E.

---

1. "Usurper of a public office" is defined as: one who intrudes on office or assumes to exercise its functions without legal title or color of right. BLACK'S LAW DICTIONARY 1545 (6th ed. 1990).

642, 646 (1905) (where jury commissioner was appointed by court, although wrongful or illegal, he acted under color of right or authority and was not a mere usurper). Accordingly, as the trial court found, Benson was a *de facto* official.

The lack of authority of a *de facto* prosecutor must result in harm to the defendant in order to constitute reversible error. *Cox v. State*, 493 N.E.2d 151, 160 (Ind.1986). Anderson directs us to no evidence of wrongdoing[2] by Benson during the trial or any other source of prejudice that would support a reversal of his conviction. In the absence of evidence of prejudice to the defendant, we find no basis for reversing Anderson's conviction based on Benson's participation. *Id.* at 160 (Ind.1986); *Kindred v. State*, 674 N.E.2d 570, 574 n. 5 (Ind.Ct.App.1996), *trans. denied* (no reversible error where prosecutor improperly participated in defendant's proceedings, but no prejudice resulted to defendant).

In a final effort to plug the gap in his argument, Anderson points to *Butler v. State*, 668 N.E.2d 266 (Ind.Ct.App.1996) which held that where an Illinois attorney represented a criminal defendant in an Indiana court without permission of the court, the attorney's conduct was a *per se* violation of the defendant's right to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I § 13 of the Indiana Constitution. The court reasoned that an attorney who is not admitted is, by definition, incompetent. Prejudice to the defendant was presumed and a new trial was ordered. *Id.* at 268. Anderson asks that we apply the same presumption of prejudice and find that a fair trial necessarily includes prosecution by a properly licensed prosecuting attorney regardless of any harmful effect. We find no authority or reason for expanding *Butler* to require reversal based on a conviction by an unlicensed prosecutor. This has no Sixth Amendment or Article I § 13 implications. Nor does *Butler*'s reasoning apply where the unlicensed attorney is merely a participant

on a team under the direction of a properly qualified lawyer, in this case Meyers.

## II. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Anderson must both show that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms and demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "[I]t is presumed that counsel exercised reasonable professional judgment in making important decisions; accordingly, we scrutinize the handling of the case with great deference." *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind.1997) *cert. denied* —— U.S. ——, 118 S.Ct. 1528, 140 L.Ed.2d 678 (1998). "Absent some effect of [the] challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." (citations omitted) *United States v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The two prongs of *Strickland* are separate and independent inquiries; thus "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 699, 104 S.Ct. 2052.

Anderson had been diagnosed as suffering from schizophrenia. In light of this fact he contends that his counsel's failure to request a competency hearing constituted ineffective assistance. Anderson's argument requires us to assume that had the trial court been presented with the evidence of his schizophrenia, a competency hearing would have been granted, and that the result of both the examination and hearing would have been a determination of incompetence. The record does not support either of these significant assumptions. The standard for deciding competency is whether or not the

---

**2.** Without pointing to particular incidents of wrongdoing during the trial or any evidence of impropriety in the manner of prosecution, Anderson also states that his rights were violated because of prosecutorial misconduct. Without

more, Anderson's argument on prosecutorial misconduct cannot be evaluated and is deemed waived. Ind. Appellate Rule 8.3(A)(7); *Hopping v. State*, 637 N.E.2d 1294, 1297 (Ind.1994).

defendant possesses the ability to consult rationally with counsel and comprehend the proceedings against him. *Brewer v. State,* 646 N.E.2d 1382, 1384 (Ind.1995). Anderson offers no evidence of incompetency and points to no incident that would have alerted trial counsel or the court to his inability either to understand the proceedings or assist his counsel with his defense. "[N]ot all mental conditions are serious enough to relieve one of criminal responsibility." *Cate v. State,* 644 N.E.2d 546, 547 (Ind.1994). Even if we were to assume, and we do not, that a prior diagnosis of schizophrenia requires defense counsel to request a competency hearing, Anderson offers no basis to conclude that the request would have been granted or that the examination and subsequent hearing would have resulted in his being found incompetent. Accordingly, Anderson failed to establish a claim for relief based on ineffective assistance of counsel.[3]

### III. Sufficiency of the Evidence

 Finally, Anderson argues that there was insufficient evidence to establish the mens rea element of murder. In reviewing a sufficiency of evidence claim, we do not reweigh the evidence or assess the credibility of witnesses. *Gant v. State,* 668 N.E.2d 254, 255 (Ind.1996). The conviction will be affirmed if the probative evidence and reasonable inferences drawn could have allowed a reasonable jury to find Anderson guilty beyond a reasonable doubt. *Wooden v. State,* 657 N.E.2d 109, 111 (Ind.1995). Presence of a "knowing" or "intentional" killing may be inferred from evidence that a mortal wound was inflicted upon an unarmed person by a deadly weapon in hands of accused. *Wagner v. State,* 474 N.E.2d 476, 488 (Ind.1985). A jury is entitled to infer knowing killing from the deliberate use of a deadly weapon in a manner likely to cause death or serious injury. *Cate v. State,* 644 N.E.2d 546, 548 (Ind.

---

3. Anderson also asserts that because trial counsel did not request a competency hearing, he was unable to assert an insanity defense. Anderson offers no citation to authority or explanation of how a competency hearing would have led to the conclusion that he was not "responsible for his actions." The argument is deemed waived for failure to present a cogent argument on the issue. App. R. 8.3(A)(7); *Hopping v. State,* 637

1994); *Underwood v. State,* 535 N.E.2d 118, 121 (Ind.1989). Evidence that Anderson stabbed Hurt repeatedly in the neck and chest with a large knife was sufficient to support a conviction.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

N.E.2d 1294, 1297 (Ind.1994). Additionally, deciding not to plead an insanity defense in reliance on available medical advice is not unreasonable attorney performance under *Strickland. State v. Moore,* 678 N.E.2d 1258, 1265 (Ind. 1997), *cert. denied* —— U.S. ——, 118 S.Ct. 1528, 140 L.Ed.2d 678 (1998); *Douglas v. State,* 663 N.E.2d 1153, 1155 (Ind.1996).