Roy C. BEBOUT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A04–9812–CR–629.

Court of Appeals of Indiana.

July 22, 1999.

Dennis A. Vowels, Evansville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kathryn Janeway, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Roy C. Bebout appeals his convictions of kidnapping, a Class A felony, criminal deviate conduct, a Class B felony, and rape, a Class B felony. He raises one issue, which we restate as whether Bebout's convictions in Vanderburgh County were invalid due to the Posey County Prosecutor's involvement in the trial.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On March 20, 1998, Bebout abducted his victim from a parking lot in Vanderburgh County. He drove the victim to a rural area in Vanderburgh County and forced her to perform oral sex. He then took her to a trucking company in Posey County where he had been employed and raped her. Bebout returned the victim to Vanderburgh County and released her.

An amended information was filed in Vanderburgh County charging Bebout with crimes in both Vanderburgh and Posey Counties. Posey County Prosecutor Trent VanHaaften filed his appearance in the Vanderburgh Circuit Court and assisted the Vanderburgh County Prosecutor, Stan Levco, with the trial. Bebout petitioned for a writ of prohibition challenging VanHaaften's participation on the ground VanHaaften lacked authority to prosecute or to assist in Bebout's prosecution. The trial court denied Bebout's petition and allowed VanHaaften to assist Levco.

### DISCUSSION AND DECISION

Bebout argues that VanHaaften did not have the authority to assist in Bebout's

trial because VanHaaften was not appointed as a special prosecutor in Vanderburgh County pursuant to Ind.Code § 33–14–1–6. As a result, Bebout contends his convictions are invalid. The record reflects and the State concedes that VanHaaften was not appointed as a special prosecutor. However, Bebout does not explain why appointment as a special prosecutor is required before a prosecutor from one county may provide assistance at trial to a prosecutor from another county.

Ind.Code § 33–14–1–6 provides that a circuit or superior court judge must appoint a special prosecutor when someone other than the prosecutor requests one and the prosecutor agrees one is needed. The judge may appoint a special prosecutor when one is requested and the judge, after a hearing, determines that the appointment is necessary to avoid a conflict of interest or that there is probable cause to believe the prosecutor has committed a crime. The judge may also appoint a special prosecutor if the prosecutor petitions for one and the appointment is necessary to avoid the appearance of impropriety or if an elected official who is a defendant in a criminal proceeding requests one and the court finds the appointment is in the best interests of justice. None of these situations existed in connection with Bebout's trial and no special prosecutor was requested. We thus believe the special prosecutor statute is not implicated here.

■ We agree with the State that VanHaaften could properly assist in Bebout's trial without being appointed as a special prosecutor. A prosecutor may enlist the assistance of other attorneys without petitioning to have the attorneys appointed as special prosecutors. *See, e.g., Sedelbauer v. State,* 455 N.E.2d 1159, 1164 (Ind.Ct.App. 1983). There, we found no error where a member of an anti-pornography group was admitted *pro hac vice* to assist the prosecutor in an obscenity trial but was not named a special prosecutor. We recognized the "long-standing principle in Indiana that courts exercising criminal jurisdiction have the inherent power and duty to appoint attorneys to *assist* in the trial of criminal cases." *Id.* (emphasis in original). We noted that the co-counsel appeared with, and not in place of, the deputy prosecutor, and that there was no indication the co-counsel "represented the State's interest outside of legal boundaries or inconsistent with the State's interest." *Id.*

Similarly, VanHaaften did not appear in place of the Vanderburgh County Prosecutor; he merely assisted in the trial. Both Levco and VanHaaften conducted direct and cross-examination of witnesses. Here, as in *Sedelbauer,* there was no indication VanHaaften represented the State's interest outside of legal boundaries or inconsistent with the State's interest. The trial court did not err when it allowed VanHaaften to assist the Vanderburgh prosecutor.

■ Even if the assistance of an attorney who has not been appointed a special prosecutor were improper, Bebout must show, in order to demonstrate reversible error, that VanHaaften's lack of authority resulted in harm to Bebout. This he has not done. We find this case analogous to *Anderson v. State,* 699 N.E.2d 257, 259 (Ind. 1998). In *Anderson,* an attorney was admitted *pro hac vice* and participated in the prosecution after she represented to the trial court that she was a member in good standing of the Louisiana and Texas bars. It was later learned she was on inactive status in Louisiana and not admitted in Texas. Anderson moved to set aside his conviction, arguing that the attorney's participation in the prosecution violated his constitutional rights.

Our supreme court characterized the attorney as a *de facto* official and noted that the lack of authority of a *de facto* official must result in harm to the defendant in order to constitute reversible error. *Id.* at 260. Bebout directs us to no evidence of wrongdoing by VanHaaften during his trial, or to any other source of prejudice that would support a reversal of his convictions. Absent any evidence of such prejudice, VanHaaften's participation in the trial provides no basis for reversing Bebout's convictions.

Affirmed.

SULLIVAN and RILEY, JJ., concur.