Morris Wesley SOWARD, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 45S00–9809–CR–510.

Supreme Court of Indiana.

Sept. 23, 1999.

---

Charles E. Stewart, Jr., Crown Point, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Morris Soward was convicted of the murder of Jerry Ragland and sentenced to fifty-five years imprisonment. In this direct appeal Soward raises one issue for our review: whether the evidence was sufficient to support his conviction.

**Factual and Procedural Background**

In the early morning hours of September 28, 1997, Ragland and a friend went to the house Murdock Bowens shared with Lyle Holley in Gary. Soward was present when they arrived. Ragland argued with Soward over the price of cocaine he wanted to buy from Soward, was shot twice, and died as a result of gunshot wounds to the chest and abdomen.

At trial Bowens testified that after he and Holley had smoked cocaine and drunk beer the night of September 27, the two had gone to sleep at some time after midnight. They woke up around 5:00 a.m. when Soward entered the room where they were sleeping and turned on the light. Ragland and a friend arrived shortly thereafter. After Ragland complained about the price of cocaine, Soward shot him. According to Bowens, Ragland was in the bedroom when Soward shot him and Holley jumped into the closet in the bedroom after the first shot was fired.

Holley's account differed in some respects. He testified at trial that he saw Soward shoot Ragland twice after an argument over the price of cocaine. Contrary to Bowens' testimony, Holley testified that when Ragland was shot the first time he was standing in the living room. Holley also denied that he had smoked cocaine or drunk beer the night before the murder and denied that he jumped into the closet when shots were fired. Holley testified that he initially denied witnessing the shooting, but told police what he had seen when he learned Ragland had died.

Soward testified that he was at his uncle's house at the time of the murder. He also offered the testimony of Jesse Barnes that Bowens told him the morning after the murder that someone named David shot Ragland. The jury convicted Soward of murder.

### The Evidence at Trial was Sufficient

 In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of witnesses. *Gant v. State,* 668 N.E.2d 254, 255 (Ind.1996). Soward's conviction will be affirmed if the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable jury to find him guilty beyond a reasonable doubt. *Anderson v. State,* 699 N.E.2d 257, 261 (Ind.1998); *Wooden v. State,* 657 N.E.2d 109, 111 (Ind.1995).

In support of his sufficiency claim, Soward points to several inconsistencies in the testimony of the State's witnesses. First, he points to the testimony of Jesse Barnes that Bowens told him that someone named David shot Ragland. This testimony contradicted Bowens' testimony that he saw Soward shoot Ragland and Bowens' denial that he told Barnes that someone named David shot Ragland. It is well settled that "[i]t is the jury's exclusive prerogative to weigh conflicting evidence." *Robinson v. State,* 699 N.E.2d 1146, 1148 (Ind.1998). The jury heard from both Barnes and Bowens at trial and we cannot conclude that "no reasonable jury" could have found Soward guilty when faced with this conflicting testimony. *See Webster v. State,* 699 N.E.2d 266, 268 (Ind.1998) (conviction will be affirmed unless the court concludes that "no reasonable jury could find the defendant guilty beyond a reasonable doubt").

Next, Soward points to Holley's testimony that he lied to police when first asked about his knowledge of the shooting. Holley testified that he decided to tell the truth when he heard that Ragland had died and then gave a signed statement to police identifying Soward as the shooter. Holley admitted that he called Bowens before he signed it to find "out whether [Bowens] was gonna be a part of this because I wasn't going to do this on my own nor by myself." From this testimony Soward implies that the testimony of Holley and Bowens is unreliable because Holley called Bowens to collaborate on a version of events that implicated Soward before signing his police statement. Again, this is an issue of witness credibility for the jury and provides no basis for reversal in this case. *See Robinson,* 699 N.E.2d at 1148.

Finally, Soward points to inconsistent testimony about two relatively irrelevant facts. Bowens testified that Ragland was shot the first time while in the bedroom but Holley testified that he was shot while in the living room adjacent to the bedroom. Both agree that the second shot was fired in the bedroom. Next, Bowens testified that both he and Holley used cocaine and drank beer a few hours before the murder but Holley testified to the contrary. Whether the jury believed Bowens or Holley about the location of the first shot or the pair's use of drugs, these facts are irrelevant to the question of whether Soward killed Ragland. Whether these inconsistencies call into question the credibility of Bowens, or Holley, or both was for the jury to resolve.

We conclude that the probative evidence, including the testimony of two eye witnesses, and reasonable inferences drawn therefrom could have allowed a reasonable jury to find Soward guilty beyond a reasonable doubt. *See Anderson,* 699 N.E.2d at 261.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.