Jewan BROWN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–9809–CR–479.

Supreme Court of Indiana.

Dec. 16, 1999.

Catherine M. Morrison, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Jewan Brown was convicted of the murder of Michael Webster and conspiracy to commit that murder. He was sentenced to sixty-five years for the murder and thirty for the conspiracy to be served consecutively. Brown appeals, arguing that there is insufficient evidence to support his convictions and that his sentence is manifestly unreasonable. We affirm the convictions but, in light of Brown's youth, remand with direction to impose concurrent sentences.

**Factual and Procedural Background**

The facts of this case are set forth fully in *Bonds v. State,* 721 N.E.2d 1238 (Ind. 1999), also decided today. Briefly, on July 9, 1997, Ernestine Bonds was carjacked at gunpoint by Webster. Two days later Webster was killed in a strip mall parking lot. Brown, his brother Jermaine, Marco Clark and Robert Bonds, Ernestine's son, were charged with the murder. All but Jermaine were tried in the same proceeding. Evidence at trial included the testimony of several eyewitnesses that Brown, Jermaine, Bonds, Clark and possibly oth-

ers arrived at the parking lot in three different cars. Witnesses stated that after identifying Webster, these individuals approached Webster and shot him. The autopsy identified seventeen gunshot wounds inflicted by bullets fired from two weapons at close range. Witness testimony conflicted as to who fired the shots. Brown was convicted of murder and conspiracy to commit murder.

**I. Sufficiency of the Evidence**

■ Brown contends that the State failed to present sufficient evidence to support his convictions for murder and conspiracy to commit murder. In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of the witnesses. *Soward v. State,* 716 N.E.2d 423, 425 (Ind.1999). Rather we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the convictions if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Garrett v. State,* 714 N.E.2d 618, 621 (Ind. 1999); *Anderson v. State,* 699 N.E.2d 257, 261 (Ind.1998).

■ At trial Jermaine testified that he saw Brown with a .38 caliber revolver the day of the murder. A bullet recovered from the victim's head was fired from a .38 caliber revolver that was recovered near the parking lot. Jermaine also testified that Brown fired the first shot into Webster's head. Shawntae Kelly testified that on the day of the shooting, she heard Brown tell someone on the phone that he had shot someone. Finally, an eyewitness testified that she saw the driver of a purple car shoot Webster. Although Brown is correct that there is evidence to contradict this testimony, including Jermaine's statement that he did not see Brown shoot anyone and the testimony of two witnesses who stated that the shooter was the man who drove the white car and wore a white

tee shirt,[1] "[i]t is the jury's exclusive prerogative to weigh conflicting evidence." *Robinson v. State*, 699 N.E.2d 1146, 1148 (Ind.1998). In light of this evidence, we conclude that a reasonable jury could have found Brown guilty of murder.

 Browns' conspiracy conviction also survives his sufficiency challenge. A conviction for conspiracy requires the State to prove that the defendant had the intent to commit murder, agreed with another person to commit the crime, and performed an overt act in furtherance of the agreement. *See* Ind.Code § 35–41–5–2 (1998); *Williams v. State*, 690 N.E.2d 162, 170 (Ind.1997). Ritchey testified that Brown and Bonds had approached him the day before the shooting looking for the man who had carjacked Bond's mother. Brown told Ritchey that the carjacker would "get burned" which Ritchey stated meant to get "shot." On the day of the shooting, Bonds received a page and stated, "Revco, lets go." A Revco store was among the stores bordering the parking lot where Webster was killed. Brown arrived at the parking lot, which was the overt act charged in the information, before Bonds and the others. Finally, several witnesses testified that when Webster walked out of the store toward his car, someone in the group stated, "There [he] is." The group then approached Webster and someone started firing. This is substantial evidence of probative value from which a reasonable jury could conclude that Brown and the others acted pursuant to a prearranged plan to locate and kill Webster, which is sufficient evidence of a conspiracy to commit murder.

1. Brown drove his girlfriend's purple car on the day of the shooting and, according to Jermaine, was wearing a red, white and blue dress shirt on the day Webster was killed. However, because bullets were fired from two guns this testimony would not necessarily exclude Brown as a shooter.

2. Brown contends that a "sentence is manifestly unreasonable when no reasonable per-

## II. Sentence is Manifestly Unreasonable

 Brown contends that the trial court failed to give adequate weight to his young age and minimal criminal history as mitigating circumstances and that his resulting sentence is manifestly unreasonable.[2] Although this Court has the constitutional authority to review and revise sentences, Ind. Const. art. VII, § 4, it will not do so unless the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B).

 A defendant's young age is to be given considerable weight as a mitigating circumstance. We recently acknowledged that "a defendant's youth, although not identified as a statutory mitigating circumstance, is a significant mitigating circumstance in some circumstances." *Carter v. State*, 711 N.E.2d 835, 842 (Ind.1999); *Walton v. State*, 650 N.E.2d 1134, 1137 (Ind.1995). The fact that Brown was sixteen at the time of this crime is an important fact in our review of the "character of the offender." *Cf. Carter*, 711 N.E.2d at 843 (a defendant's "very youthful age is sufficiently mitigating that the maximum sentence is manifestly unreasonable"). In addition, Brown was apparently under the influence of Bonds, a man twice his age. At sentencing the trial court noted that Brown's juvenile history consisted of a battery in which Bonds was also involved. It is significant that Brown was apparently following Bonds' lead in this crime as well. In *Widener v. State*, 659 N.E.2d 529, 534 (Ind.1995), this Court reduced the sentence of a seventeen year old because the Court found additional mitigators that the

son could find such sentence appropriate to the particular offense and the character of the offender," citing Indiana Appellate Rule 17(B). The "no reasonable person standard," which once appeared as Appellate Rule 17(B)(2), was deleted effective March 1, 1997, and is no longer the proper standard for the appellate review of sentences under Rule 17(B).

trial court did not, including the fact that the co-defendants, not Widener, initiated and primarily formulated the plan to rob.

Although Brown's participation in the conspiracy and the murder of Webster are significant crimes warranting severe punishment, in light of his youth and role as a follower of Bonds, we conclude that his sentences for murder and conspiracy should be served concurrently rather than consecutively. We remand to the trial court with direction to impose concurrent sentences.

### Conclusion

Jewan Brown's convictions are affirmed. This case is remanded to the trial court with direction to impose concurrent sentences.

SHEPARD, C.J., and SULLIVAN and RUCKER, JJ., concur.

DICKSON, J. dissents and would affirm the convictions and sentence.