## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 30 2015, 6:11 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Brian E. Connell<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Ellen H. Meilaender<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Brian E. Connell,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | June 30, 2015<br><br>Court of Appeals Case No.<br>27A02-1412-PC-863<br><br>Appeal from the<br>Grant Superior Court<br><br>The Honorable Dana J. Kenworthy, Judge<br><br>Cause No. 27D02-1301-PC-1 |

## Kirsch, Judge.

[1] Brian E. Connell appeals the denial of his petition for post-conviction relief, contending that the post-conviction court erred in denying his petition. On appeal, he raises several issues that we consolidate and restate as:

I. Whether Connell's freestanding allegations of error are procedurally defaulted and waived for appellate review; and

II. Whether Connell received ineffective assistance of trial counsel.

We affirm.

# Facts and Procedural History

The facts supporting Connell's convictions as set forth by this court in an unpublished decision on his direct appeal are as follows:

> On November 19, 2008, telephone repairman William Ferrell ("Ferrell") went to the home of Lonnie and Ella Crites ("the Crites") to perform a service call. When Ferrell arrived, he noticed a car running in the driveway and then knocked on the front door. Receiving no answer, Ferrell went around to the back and encountered a man later identified as Connell carrying something from the house. Ferrell noticed that a window and the door to the house had been broken and asked Connell whether his phone was working properly. Connell responded that it was, and told Ferrell that he had to break the window to get into his own house. Ferrell then left and drove to the end of the block, but, suspicious that something was wrong, called Ella Crites and wrote down Connell's license plate number and the make and color of Connell's car as he drove away.
>
> Deputies Aaron Oyler ("Deputy Oyler") and Michael Moore ("Deputy Moore") of the Grant County Sherriff's Department were dispatched and given the license plate number and description of Connell's vehicle. At the Crites' home, the deputies noticed that the back door window was broken and the door was open. They determined that entry to the home was forced, and observed disarray inside.
>
> As the deputies were waiting for support to arrive, Connell drove by the house. The deputies recognized Connell's car from the description they received, so Deputy Moore got into his vehicle to follow. A high-speed chase ensued. Connell ran a stop sign and continued driving at a high speed through two or three intersections until he veered off the road, hit a ditch, and went airborne thirty feet before hitting the ground.

Deputy Moore approached the vehicle with his weapon drawn and ordered Connell out of the vehicle. Connell attempted to reach between the seat and the console for what was later identified as an H & K .45 caliber handgun stolen from the Crites with a bullet loaded in the chamber (a bullet that was not loaded when the gun was taken). Deputy Moore repeatedly ordered Connell to show his hands, and eventually Connell exited the vehicle.

A search of Connell's pockets yielded a bag of marijuana, two watches, and two commemorative coins. Inside his car, police found a .357 Magnum gun, a .22 caliber pistol, gun equipment, and some rolls of change. These items were all missing from the Crites' house. Police also discovered that on November 19, 2008, the home of Allen and Sylvia Pinkerton ("the Pinkertons") was burglarized. The police found the items missing from the Pinkertons' home (two wallets, jewelry boxes, and coins) in Connell's car. The two watches found in his pockets at the accident scene also belonged to the Pinkertons.

*Connell v. State*, No. 27A04-1010-CR-642 (Ind. Ct. App. May 9, 2011).

[4] The State charged Connell with two counts of Class B felony burglary (one relating to the Crites' home and the other to the Pinkertons'), two counts of Class D felony theft (one relating to the Crites' property and the other to the Pinkertons'), one count of Class C felony carrying a handgun without a license, one count of Class D felony resisting law enforcement, and one count of Class A misdemeanor possession of marijuana. The State also filed a petition alleging that Connell was a habitual offender. A trifurcated trial was held on August 12, 2010, at the conclusion of which the jury found Connell guilty of all charges and adjudicated him a habitual offender.

[5] The trial court sentenced him to twenty years for count I, Class B felony burglary, which was enhanced to forty years because Connell is a habitual offender, twenty years for count II, Class B felony burglary, eight years for

count III, Class C felony carrying a handgun without a license, three years each for counts IV and V, Class D felony theft, three years for count VI, Class D felony resisting law enforcement, and one year for count VII, Class A misdemeanor possession of marijuana. The court then ordered Connell to serve the sentences for counts I, III, and IV, which all related to the Crites' burglary, concurrently for a total of forty years; the trial court ran the sentences for counts II and V, which related to the Pinkertons' burglary, concurrently with each other, but consecutively to the sentences for counts I, III, and IV. The sentences for counts VI and VII were ordered to run concurrently with each other, but consecutively to the other two groups of sentences. This resulted in an aggregate sentence of sixty-three years executed.

[6] Connell was represented by attorney David Payne at trial. Prior to the trial, Payne filed a motion in limine regarding, among other things, evidence of items found that had been stolen in other cases. The trial court granted the motion. During the trial, the State offered into evidence State's Exhibit 78, a DVD of Connell's first statement to the police. The State believed that the DVD had been redacted of any reference to any subject matter covered by the motion in limine. However, when the DVD was played, the contents showed the detective referencing the fact that the police had found property in Connell's car from the Crites' and Pinkertons' homes in Grant County and from a house in Wabash County and another house in Huntington; when Connell asked if the detective was saying that property from four different houses was found in his car, the detective answered in the affirmative. Payne immediately objected and

asked to have the jury instructed to disregard the taped statement in its entirety. The parties agreed that the jury would be instructed to disregard the video, that the remainder of the video would not be played, and that, instead, the detective would testify to the relevant parts of Connell's statement. The trial court admonished the jury to disregard the contents of the DVD and not to consider that evidence in any way in its deliberation.

After his conviction, Connell filed a direct appeal of his convictions, and a panel of this court affirmed his convictions and sentence. On January 11, 2013, Connell, pro se, filed a petition for post-conviction relief, which was later amended on June 10, 2014. An evidentiary hearing was held, and on November 7, 2014, the post-conviction court denied Connell's petition for relief. Connell now appeals.

## Discussion and Decision

Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied,* 534 U.S. 1164 (2002); *Wieland v. State*, 848 N.E.2d 679, 681 (Ind. Ct. App. 2006), *trans. denied*, *cert. denied,* 549 U.S. 1038 (2006). The proceedings do not substitute for a direct appeal and provide only a narrow remedy for subsequent collateral challenges to convictions. *Ben-Yisrayl*, 738 N.E.2d at 258. The petitioner for post-

conviction relief bears the burden of proving the grounds by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

[9] When a petitioner appeals a denial of post-conviction relief, he appeals a negative judgment. *Fisher v. State*, 878 N.E.2d 457, 463 (Ind. Ct. App. 2007), *trans. denied*. The petitioner must establish that the evidence as a whole unmistakably and unerringly leads to a conclusion contrary to that of the post-conviction court. *Id*. We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans. denied*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied*. We accept the post-conviction court's findings of fact unless they are clearly erroneous, and no deference is given to its conclusions of law. *Fisher*, 878 N.E.2d at 463.

## I. Freestanding Claims

[10] Connell raises the following four issues in his brief that are all freestanding claims of trial court error: (1) the trial court improperly intervened to inform the prosecutor of a problem in the habitual offender charging information (Issue I); (2) the State's amendment of the habitual offender charging information was not timely and should not have been allowed (Issue II); (3) Connell was subjected to an improper double enhancement because the same felony

conviction was used both to enhance the level of his carrying a handgun without a license conviction and to support his habitual offender adjudication (Issue III); and (4) Connell's consecutive sentences were an abuse of discretion because they violated the limitation on sentences on a single episode of criminal conduct (Issue V).

[11] Post-conviction proceedings are civil proceedings that provide defendants the opportunity to raise issues not known or available at the time of the original trial or direct appeal. *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007) (citing *Conner v. State,* 711 N.E.2d 1238, 1244 (Ind. 1999), *cert. denied*, 531 U.S. 829 (2000)), *cert. denied*, 552 U.S. 1314 (2008). Thus, if an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed. *Id*. (citing *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002)). Additionally, fundamental error claims are not available in post-conviction proceedings. *Taylor v. State*, 882 N.E.2d 777, 781 (Ind. Ct. App. 2008). "[T]he fundamental error exception to the contemporaneous objection rule applies to direct appeals." *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002). "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id*.

[12] Here, the four freestanding issues raised by Connell were all known and available at the time of his direct appeal. Therefore, the issues had to be raised on direct appeal, and they are procedurally foreclosed and may not be raised

now for the first time on post-conviction relief. Connell cannot avoid this foreclosure by claiming fundamental error. We conclude that Connell's freestanding claims of error are foreclosed from our review on appeal.

## II. Ineffective Assistance of Trial Counsel

[13] When evaluating a claim of ineffective assistance of counsel, we apply the two-part test articulated in *Strickland v. Washington,* 466 U.S. 668 (1984). *Perry v. State*, 904 N.E.2d 302, 308 (Ind. Ct. App. 2009) (citing *Pinkins v. State,* 799 N.E.2d 1079, 1093 (Ind. Ct. App. 2003), *trans. denied*), *trans. denied*. First, the defendant must show that counsel's performance was deficient. *Id*. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed to the defendant by the Sixth and Fourteenth Amendments. *Id.* Second, the defendant must show that the deficient performance resulted in prejudice. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

[14] We will not lightly speculate as to what may or may not have been an advantageous trial strategy, as counsel should be given deference in choosing a trial strategy that, at the time and under the circumstances, seems best. *Perry*, 904 N.E.2d at 308 (citing *Whitener v. State,* 696 N.E.2d 40, 42 (Ind. 1998)). If a

claim of ineffective assistance can be disposed of by analyzing the prejudice prong alone, we will do so. *Id.* (citing *Wentz v. State,* 766 N.E.2d 351, 360 (Ind. 2002)). Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Williams v. State*, 771 N.E.2d 70, 73 (Ind. 2002). Isolated omissions or errors, poor strategy, or bad tactics do not necessarily render representation ineffective. *Shanabarger v. State*, 846 N.E.2d 702, 708 (Ind. Ct. App. 2006), *trans. denied*. The two prongs of the *Strickland* test are separate and independent inquiries. *Manzano v. State*, 12 N.E.3d 321, 325 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, 2015 WL 2464355 (2015). "Thus, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" *Id.* (quoting *Timberlake*, 753 N.E.2d at 603).

[15] Connell argues that he received ineffective assistance of his trial counsel because trial counsel Payne failed to move for mistrial after evidence that had been excluded pursuant to the motion in limine was inadvertently included in the DVD of Connell's taped statement with police and played for the jury. Connell contends that, when this inadmissible evidence was allowed to be viewed by the jury, his trial counsel should have moved for mistrial. He asserts that an admonishment to the jury to disregard the DVD was not sufficient and could not cure the admission of the evidence.

[16] Prior to trial commencing in this case, the trial court had granted a motion in limine that excluded from admission at trial any evidence of items stolen from other burglaries. However, during the playing of the DVD of Connell's

statement with police, the detective mentioned finding property in Connell's car from a house in Wabash County and a house in Huntington in addition to the property found from the two Grant County burglaries for which Connell was on trial. Payne immediately objected and requested to have the jury instructed to disregard the taped statement in its entirety. After a short discussion, the parties agreed that the jury would be instructed to disregard the video, that the remainder of the video would not be played, and that, instead, the detective would testify to the relevant parts of Connell's statement. The trial court admonished the jury to disregard the contents of the DVD and not to consider that evidence in any way in its deliberation.

[17] In order to prove ineffective assistance of counsel due to the failure to request a mistrial, Connell must show that such a request would have been granted had it been made. *Cf. Overstreet v. State*, 877 N.E.2d 144, 155 (Ind. 2007) (stating that in order to prevail on a claim of ineffective assistance due to the failure to object, a petitioner for post-conviction relief must show an objection would have been sustained if made), *cert. denied*, 555 U.S. 972 (2008); *Anderson v. State*, 699 N.E.2d 257, 260-61 (Ind. 1998) (concluding that in order for counsel to be found ineffective for failing to request a competency hearing, a petitioner must show that the request would have been granted if made), *trans. denied*. A mistrial is an extreme remedy that is only warranted when no other curative action can be expected to remedy the situation. *Lucio v. State*, 907 N.E.2d 1008, 1010-11 (Ind. 2009). A mistrial is only required where the defendant was placed in a position of grave peril to which he should not have been subjected.

*Owens v. State*, 937 N.E.2d 880, 895 (Ind. Ct. App. 2010), *trans. denied*. The gravity of the peril is determined by the probable persuasive effect on the jury's decision. *Id*.

[18] Under the facts of this case, there was only one brief reference to other possible crimes Connell may have committed, and it was not elaborated on or referred to again during the rest of the trial. Immediately after the reference was made in the DVD, Connell's trial counsel objected, and the DVD was stopped; an admonishment to the jury to disregard the evidence was requested and granted by the trial court. A timely and accurate admonishment is presumed to cure any error in the admission of evidence. *Id*. In this case, the jury was not only specifically admonished immediately after the objection to disregard the DVD in its entirety, it was also instructed generally that if the trial court struck any evidence from the record, the jury should not consider such evidence and should base its verdict only on the evidence that was admitted by the trial court. We, therefore, conclude that Connell has not shown that if a request for a mistrial would have been made, it would have been granted by the trial court.

[19] Likewise, Connell cannot show that he suffered any prejudice from the failure of his trial counsel to request a mistrial. The evidence presented at trial of Connell's guilt was overwhelming. The telephone repairman observed Connell coming out of the Crites' house through a visibly broken door carrying a box, and the repairman immediately reported this to the police, along with the license plate number and description of Connell's car. While responding to this burglary, an officer saw a car matching the description of Connell's vehicle

drive past the Crites' residence. When the officer attempted to stop Connell's car, Connell led him on a high speed chase, which was evidence of consciousness of guilt and also constituted the crime of resisting law enforcement. *See Clark v. State*, 6 N.E.3d 992, 999 (Ind. Ct. App. 2014) ("Evidence of flight may be considered as circumstantial evidence of consciousness of guilt."). When Connell was finally stopped, police found, on Connell's person and in the car, various items that had been stolen from the Crites' house that day, as well as items that had been stolen from the Pinkertons' residence and a bag of marijuana. Included in the items stolen from the Crites' home and found in the car were three guns, and at the time he was stopped by the police, Connell was trying to retrieve one of the guns, which was loaded with a round in the chamber, from between the driver's seat and center console. The telephone repairman described the man he saw exiting the Crites' home as a short black man wearing a toboggan hat and glasses. Connell is a short black man, who was wearing glasses, and a toboggan hat was found in the car by police. We, therefore, conclude that the evidence was overwhelming, and Connell cannot show that the result of the trial would have been different or that he suffered any prejudice from the failure of his trial counsel to request a mistrial.

[20]   Affirmed.


Vaidik, C.J., and Bradford, J., concur.