Eric L. DAVIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–9704–CR–137.

Court of Appeals of Indiana.

Sept. 25, 1997.

Thomas J. LaFountain, South Bend, for Appellant–Defendant.

Jeffrey A. Modiset, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Eric L. Davis appeals his conviction by a jury for Auto Theft, a Class D Felony. Davis presents three issues for our review:

I. Whether statements made by the prosecutor during closing argument regarding the uncontradicted nature

of the State's case constituted fundamental error.

II. Whether the prosecutor committed fundamental error by misstating the law during closing argument.

III. Whether there was sufficient evidence presented at trial to identify Davis as the person who committed the crime of Auto Theft.

We affirm.

On August 26, 1996 at approximately 2:15 a.m., South Bend police officer Ronald Kaszas observed a 1983 Oldsmobile with its tail lights out. When Officer Kaszas pulled behind the Oldsmobile and turned on his emergency lights, the driver of the Oldsmobile first accelerated rapidly, then slowed down, and eventually crashed the car into a parked van. The sole occupant of the car jumped out of the driver's side door and fled. Officer Kaszas pursued the driver on foot through an adjacent yard. After a brief chase, Officer Kaszas apprehended Davis. Officer Kaszas asked Davis why he ran, and Officer Kaszas testified that Davis responded, "I took the car." At the time he was apprehended, Davis was carrying a screwdriver.

Police later noted that the Oldsmobile's ignition had been ripped out and that the driver of the car had been driving it without a key. The owner of the Oldsmobile testified that he did not give Davis permission to drive his vehicle.

## I.

### *Prosecutorial Reference to Defendant's Failure to Testify*

Davis contends that the prosecutor made several statements during closing argument and rebuttal which impermissibly referenced Davis' decision not to testify at trial. Davis complains about the following statements made by the prosecutor:

> ... there was nothing contrary to [the victim's] testimony [that he did not give Davis permission to drive his car.] Record at 212.

> You heard the officer testify [that he found a screwdriver with Davis.] There is no

evidence in this case, no testimony, no evidence to indicate that that's not true. Record at 212–13.

> [Davis] told the officer, 'I took the car.' There is no evidence to contradict that. All of the evidence is consistent and flows to that point. The defendant's own testimony is sufficient.... Record at 216.

> There isn't even a claim that the defendant didn't say, 'I took the car.' The defendant said, 'I took the car.' That's the evidence. Record at 226–27.

> [Davis] said he took the car. There is nothing to controvert that. There is no evidence saying that isn't so. There's not even an argument that he didn't say that. Record at 228.

> You are asked and will be instructed that everyone is telling the truth. There is no evidence that Officer Kaszas was not telling the truth. Record at 228.

The prosecutor made no direct reference in any of these comments to Davis' failure to testify at trial. However, Davis argues that since he and Officer Kaszas were the only witnesses able to testify about the events surrounding Davis' apprehension and his statements to the officer, any comment on the uncontradicted nature of the State's case necessarily highlights for the jury his failure to testify.

Davis' argument is based upon the no-comment rule which protects a defendant's Fifth Amendment right not to testify at his own trial. More specifically, Davis relies on *Williams v. State,* 426 N.E.2d 662 (Ind.1981), *reh. denied,* in which the Indiana Supreme Court held that where no one but the accused could have contradicted the prosecution's witnesses, a statement which points out the lack of contradiction is improper comment on the accused's failure to testify. *Id.* at 666 (citing *Rowley v. State,* 259 Ind. 209, 285 N.E.2d 646 (Ind.1972)). However, this standard was established prior to the Indiana Supreme Court's recent revisiting of the no-comment rule in *Moore v. State,* 669 N.E.2d 733 (Ind.1996), *reh. denied.*

In *Moore,* the court added a reasonableness element to the no-comment rule. *Taylor v. State,* 677 N.E.2d 56, 61 (Ind.Ct.

App.1997), *trans. denied.* "The Fifth Amendment privilege against compulsory self-incrimination is violated when a prosecutor makes a statement *that is subject to reasonable interpretation* by a jury as an invitation to draw an adverse inference from a defendant's silence." *Id.* (quoting *Moore,* 669 N.E.2d at 739) (emphasis added). Prior to *Moore,* the no-comment rule simply asked whether a prosecutor's statement could be either directly or indirectly interpreted *by any jury* as a comment on the defendant's refusal to testify. If it could be so interpreted, the statement was improper. *Rowley v. State,* 285 N.E.2d at 648. By adding a reasonableness element, *Moore* makes the no-comment rule less stringent than the test first established in *Rowley.* Under the new test in *Moore,* a prosecutor may make comments which would have previously been improper as long as *a reasonable jury* could not have interpreted the comments as a suggestion to infer the defendant's guilt from his silence. *Moore,* 669 N.E.2d at 739.

■ Under this less stringent no-comment rule, even a direct comment on a defendant's failure to testify will not require the reversal of a conviction as long as the comment could not have reasonably been interpreted by the jury as a suggestion by the prosecutor to infer guilt from the defendant's silence.[1] *Moore,* 669 N.E.2d at 739. In fact, the court specifically rejected an interpretation of the no-comment rule which would have provided that any *direct reference to a defendant's* silence is *per se* improper. *Id.* Thus, it would also be improper to continue to apply a *per se* rule to comments which indirectly reference a defendant's refusal to testify.

■ Accordingly, we reject the *per se* rule in *Williams v. State* relied on by the defense. *Williams,* 426 N.E.2d at 666. In light of *Moore,* it is no longer correct to say that all prosecutor comments on the uncontradicted nature of the State's case are improper if the accused is the only person who can rebut that case. Instead, before determining whether a prosecutor's comment is improper,

it must first be determined whether a reasonable jury could have interpreted the comment as a suggestion to infer the defendant's guilt from his failure to testify.

■ Although several of the prosecutor's comments in the present case are questionable, the most troubling comment was the following: "[Davis] said he took the car. There is nothing to controvert that. There is no evidence saying that isn't so. There's not even an argument that he didn't say that." Record at 228. By calling attention to the defendant's alleged admission and pointing out that there was no claim to the contrary, the prosecutor indirectly brings to the jury's attention the fact that Davis did not deny this allegation. Davis was the only one who could have denied that this statement was made since only he and Officer Kaszas were present at the time. Thus, a reasonable jury could have taken that comment as an invitation to consider Davis' failure to testify as an inference of guilt. We conclude that the prosecutor's comments were improper.

■ Because Davis failed to object to these statements at trial, he has the burden of proving on appeal that the prosecutor's comments rise to the level of fundamental error. *Townsend v. State,* 632 N.E.2d 727, 730 (Ind.1994). For prosecutorial misconduct to be fundamental error, it must be demonstrated that the prosecutor's conduct subjected the defendant to grave peril and had a probable persuasive effect on the jury's decision. *Scherer v. State,* 563 N.E.2d 584, 586 (Ind.1990).

■ We have held that where a prosecutor made no direct reference to a defendant's decision to remain silent, but instead emphasized the uncontradicted nature of the testimony, there was no fundamental error. *Channell v. State,* 658 N.E.2d 925, 932 (Ind. Ct.App.1995), *trans. denied.* In addition, the Indiana Supreme Court has indicated that "if in its totality the prosecutor's comment is addressed to other evidence rather than the defendant's failure to testify, it is not

---

1. The prosecutor in *Moore* made a direct comment during closing argument on the defendant's failure to testify at trial. *Moore,* 669 N.E.2d at 735. The court held that because the prosecutor immediately attempted to correct this error, a reasonable jury could not have interpreted the comment as a suggestion to infer guilt from Moore's refusal to testify. *Id.* at 739.

grounds for reversal." *Hopkins v. State*, 582 N.E.2d 345, 348 (Ind.1991), *reh. denied*. In each of the prosecutor's comments complained of by Davis, the prosecutor emphasized the lack of contradictory evidence and made no direct mention of the defendant's failure to testify. Davis was not placed in grave peril by these comments, and it is improbable that the prosecutor's comments, taken in context, would have had a persuasive effect on the jury's decision. We conclude that the prosecutor's comments did not constitute fundamental error.

## II.

### *Prosecutorial Misstatement of the Law*

Davis next contends that the prosecutor misstated the law during his rebuttal, which in turn affected the deliberations of the jury, and that these misstatements were fundamental error. He argues that the prosecutor removed the jury's function as judges of the evidence and credibility of witnesses by telling them:

> ... there has been no argument that [Davis didn't say, 'I took the car.'] You must accept that as being true. Record at 227; and

> You are asked and will be instructed that everyone is telling the truth. There is no evidence that Officer Kaszas was not telling the truth. Record at 228.

Davis asserts that these comments, in effect, ordered the jury to accept the State's version of these events.

■ The comments cited by Davis in his brief do not rise to the level of removing the jury's function or requiring them to accept the State's version of events. In any event, final instructions given by the judge are presumed to correct any misstatement of the law during final argument. *Barnes v. State*, 435 N.E.2d 235, 241 (Ind.1982). Davis has not overcome this presumption. The prosecutor's statements cited by Davis were not fundamental error.

## III.

### *Sufficiency of the Evidence*

■ Davis next argues that there was insufficient evidence presented at trial to identify him as the person who committed the crime of Auto Theft. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied*. We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

■ The record indicates substantial evidence from which a jury could conclude Davis was guilty beyond a reasonable doubt. Officer Kaszas testified that Davis was driving the victim's Oldsmobile and that when he tried to pull the car over, Davis attempted to flee, first in the car and then by foot. Officer Kaszas also testified that shortly after he apprehended Davis and in response to the officer's question as to why he ran, Davis stated "I took the car." Evidence was also admitted which indicated that the ignition of the Oldsmobile had been ripped out, the car was being driven without a key, and Davis was carrying a screwdriver at the time he was apprehended, which could have been used to operate the car. Finally, the victim testified that he did not give Davis permission to drive his car. Based upon all of the above, there was sufficient evidence to support Davis' conviction.

Affirmed.

HOFFMAN and RILEY, JJ., concur.