**Robert L. REDMON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9912–CR–869.

Court of Appeals of Indiana.

Sept. 8, 2000.

---

Angela Warner Sims, Hulse Lacey Hardacre Austin & Shine, P.C., Anderson, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

MATHIAS, Judge

Robert L. Redmon appeals his convictions and sentencing for burglary, theft, carrying a handgun without a license, and possession of marijuana. Redmon raises three issues on appeal, which we restate as:

I.     Whether the trial court erred by excluding evidence regarding who had legal custody of Redmon at the time of the burglary;

II.     Whether two comments by the prosecutor during closing argument infringed on Redmon's right not to testify;

III. Whether the trial court abused its discretion in sentencing Redmon.

We affirm the convictions, but remand with instructions to reduce Redmon's sentence.

### Facts and Procedural History

On May 16, 1999, fifteen-year-old Redmon entered the locked home of his mother and step-father ("the Stephensons") while they were vacationing at a local campground. The Stephensons' neighbor observed Redmon and another boy walking across the Stephensons' yard. A short time later, the neighbor heard a loud noise from within the Stephensons' home. He went to his porch and observed Redmon and the other boy coming out of the home. The neighbor then observed Redmon gain entrance to the home a second time after placing a stick through the mail slot at the front door. Redmon and the other boy then left the property on foot.

The neighbor called the police and Redmon was apprehended at a nearby corner. When apprehended, Redmon had a handgun and marijuana on his person. The handgun belonged to Mr. Stephenson, who testified that it had been in a dresser drawer inside his locked bedroom when he left on vacation.

Redmon did not live with the Stephensons on May 16, 1999. Mr. Stephenson testified that Redmon moved out of the Stephensons' home and began living with his father and grandmother in mid-January, 1999. Mr. Stephenson further testified that Redmon was welcome in the house only when the Stephensons were present and that Redmon did not have permission to enter the locked bedroom and take the handgun.

A delinquency petition was filed against Redmon, but he was subsequently waived to adult court and charged with burglary, theft, carrying a handgun without a license, and possession of marijuana. After a jury trial, Redmon was convicted of all counts and sentenced to a total of twenty-one years at the Indiana Department of Correction. This appeal ensued.

### I. Evidence of Legal Custody

■ Redmon contends that the trial court erroneously prohibited him from presenting evidence that Mrs. Stephenson was his legal custodian at the time of the alleged burglary. Specifically, Redmon argues that Mrs. Stephenson's legal custody of him was relevant to show that Redmon had authority to enter the Stephensons' home.

■ The trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. *Drake v. State*, 655 N.E.2d 574, 575 (Ind. Ct.App.1995) (citing *Kremer v. State*, 514 N.E.2d 1068, 1073 (Ind.1987)). Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ind. Evidence Rule 401; *Jackson v. State*, 712 N.E.2d 986, 987 (Ind.1999). All relevant evidence is admissible. Ind. Evidence Rule 402. However, even if the trial court erroneously excludes admissible evidence, we will not reverse a defendant's conviction unless his substantial rights have been affected. *Reed v. State*, 693 N.E.2d 988, 992 (Ind.Ct.App. 1998).

To prove burglary, the State had to prove that Redmon: 1) knowingly or intentionally; 2) broke and entered; 3) the building or structure of another person; 4) with intent to commit a felony therein. Ind.Code § 35-43-2-1 (1998). At trial, Redmon's defense to the charge was that he had authority to enter the Stephensons' home. Redmon contends that evidence Mrs. Stephenson was Redmon's legal custodian makes it more probable that he had authority to enter the Stephensons' home. We disagree.

Although Redmon could not elicit testimony that Mrs. Stephenson was his legal custodian, he presented evidence that Mrs. Stephenson was his mother, that he had lived with Mrs. Stephenson for most of his life, and that he had lived with the Ste-

phensons in the home he was accused of burglarizing until he voluntarily moved in with his father and grandmother. Testifying on Redmon's behalf, Mrs. Stephenson stated that Redmon was welcome in her home and had permission to be there when the Stephensons were absent.

However, there was also substantial evidence that Redmon was not living at the Stephensons' home at the time of the burglary, and had not lived there since mid-January, 1999. Moreover, Mr. Stephenson testified that Redmon had moved out of the home because he did not like the rules and discipline imposed on him, and that he was thereafter welcome to visit the Stephenson home only when the Stephensons were present. Mr. Stephenson also testified Redmon did not have permission to open the locked bedroom door and take a handgun. The jury, therefore, had before it extensive evidence regarding Redmon's relationship with the Stephensons and whether the Stephensons had authorized him to enter their home on the date of the burglary. The additional fact that Mrs. Stephenson was Redmon's legal custodian would not have made it more or less probable that the Stephensons had authorized Redmon to enter their home and take a handgun.

Redmon also argues that evidence Mrs. Stephenson had legal custody of him at the time of the alleged burglary would have shown that she had a legal obligation to provide Redmon with shelter. The value of this evidence, according to Redmon, is that he could have then argued to the jury that "he was authorized to be in the home via the fact that his mother was the custodial parent and had an obligation to her dependant[sic] child" to provide shelter. Appellant's Brief at 9. Stated differently, Redmon wanted to present evidence that Mrs. Stephenson was Redmon's legal custodian so he could make the legal argument that a dependent child cannot be found guilty of burglarizing the home of his custodial parent, regardless of whether the child actually lives with that parent. However, Redmon cited no authority in support of his proposition to the trial

court, nor does he offer any here. We find his position to be without merit. The trial court did not abuse its discretion by excluding evidence that Mrs. Stephenson was Redmon's custodial parent.

## II. Prosecutorial Comments

■ With regard to the possession of marijuana charge, the prosecutor stated during closing argument, "we've heard nothing in evidence to state that he didn't intentionally possess that, he didn't claim that it was somebody else's, he didn't claim that he didn't know it was there." R. at 226–27. With regard to the charge of carrying a handgun without a license, the prosecutor stated, "we've heard nothing from Mr. Redmon regarding either that gun being his or him having a license for that gun." R. at 227. Redmon contends that these comments infringed on his right not to testify under the Fifth Amendment of the U.S. Constitution and Article I., Section 14 of the Indiana Constitution.

■ Direct or indirect references to a defendant's failure to testify are not per se improper. *Ben–Yisrayl v. State*, 690 N.E.2d 1141, 1149 (Ind.1997). A defendant's privilege against compulsory self-incrimination is only violated when a prosecutor makes a statement that a jury may reasonably interpret as an invitation to draw an adverse inference from a defendant's silence. *Id.* at 1149.

■ A defendant bears the burden of proving that a remark by the prosecutor penalized his exercise of the right to remain silent. *Moore v. State*, 669 N.E.2d 733, 736 (Ind.1996) (citing *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)). If a defendant meets his burden, the State must prove beyond a reasonable doubt that any error is harmless. *Moore*, 669 N.E.2d at 736.

■ Redmon did not object to the prosecutor's comment regarding the possession of marijuana charge. When a defendant fails to object to prosecutorial misconduct, he has the burden of proving on appeal that the conduct rose to the level of

fundamental error. *Davis v. State*, 685 N.E.2d 1095, 1098 (Ind.Ct.App.1997). For a prosecutor's comment to be fundamental error, it must be demonstrated that the comment subjected the defendant to grave peril and had a probable persuasive effect on the jury's decision. *Id.*

Assuming that the prosecutor's comment was improper, we do not find that it subjected Redmon to grave peril. There was overwhelming and uncontradicted evidence that Redmon was guilty of possession of marijuana. In light of this evidence, we conclude that it is highly unlikely that the prosecutor's comment had a probable persuasive effect on the jury's decision. The prosecutor's comment does not rise to the level of fundamental error.

■ Redmon did, however, object to the prosecutor's comment regarding the charge of carrying a handgun without a license, and moved the court for an admonishment or a mistrial. Thereafter, the trial court admonished the jury that it should not infer from the prosecutor's comment that Redmon had any obligation to testify, and that the comment was merely directed to the law that places the burden on the defense to show the existence of a valid license. Redmon's counsel participated in the crafting of this admonishment, indicated he was satisfied with it, and did not renew his motion for a mistrial. On appeal, however, Redmon contends that the admonishment was insufficient to cure the error. We disagree. Moreover, as with the possession of marijuana charge, the evidence against Redmon was overwhelming and uncontradicted. Any error presented by the prosecutor's second comment was harmless.

### III. Sentencing

■ The trial court imposed the maximum sentence on Redmon for each of his convictions; twenty years for burglary, three years for theft, one year for carrying a handgun without a license, and one year for possession of marijuana. The sentence for marijuana possession was imposed consecutive to the other three sentences, resulting in a total sentence of twenty-one years. Redmon contends that the trial court abused its discretion by failing to identify his youth as a mitigating circumstance, and that his sentence is manifestly unreasonable.

■ We review sentencing decisions, including the trial court's decision to impose consecutive sentences and its decision to increase or decrease the presumptive sentence because of aggravating and mitigating circumstances, only for abuse of discretion. *Trowbridge v. State*, 717 N.E.2d 138, 149 (Ind.1999). When it deviates from the statutorily prescribed presumptive sentence, the trial court must identify all of the significant mitigating and aggravating circumstances, state the reason why it considers each circumstance to be mitigating or aggravating, and articulate the evaluation and balancing of these circumstances to determine whether an enhanced or reduced sentence is appropriate. *Id.* (citing *Carter v. State*, 711 N.E.2d 835, 838 (Ind.1999)).

■ When considering and weighing mitigating and aggravating circumstances, "the trial court is not obligated 'to credit or weigh a possible mitigating circumstance as defendant suggests it should be credited or weighed.'" *Id.* (quoting *Archer v. State*, 689 N.E.2d 678, 684 (Ind. 1997)). We will find that the trial court failed to identify a mitigating factor only where we are persuaded that the "mitigating evidence is both significant and clearly supported by the record." *Carter*, 711 N.E.2d at 838.

We disagree with Redmon's contention that the trial court failed to identify his youthful age as a mitigator. The trial court articulated its sentencing decision as follows:

the Court finds aggravating circumstances to be the defendant's prior criminal history which is extensive, the fact that he's time after time after time been allowed to participate in rehabilitating

programs and has failed every time. His first arrest was when he was nine (9) years old and his criminal path and behavior has continued from that date to this date. He is young. He [was] fifteen (15) when this event happened but youth is not a mitigating factor in this case based on the fact that his prior criminal history as a[n] aggravating circumstance ... which also show[s] that these crimes tend to repeat themselves since this is the pattern of behavior that he's established since the age of nine (9). Carrying a handgun like it's a water gun or water pistol is ridiculous. Possession of marijuana, that's all we need is for a person with this prior criminal history to get high on marijuana carrying a handgun and then what's going to result. Totally irresponsible. I find that the aggravating circumstances outweigh the mitigating circumstances with prior history and incarceration at the Department of Correction is necessary in this case. I'll give the defendant some incentive. He can have all the incentive he wants. He can go down there and prove to me that he wants to change his life and he can get some educational ... you'll get educational opportunities, you'll get vocational opportunities. You'll have opportunities for counseling. He can take ... advantage of those opportunities. He can decide he's going to be a man and productive citizen and do it and show me and like Mr. Puckett says, we'll be happy to reward him for that kind of proper, positive behavior. But he has to do it. It's not going to be built into the sentence automatically. He has to show me he's gonna do it. That's why I'm sentencing him on Count I for twenty (20) years executed and Count II, theft, three (3) years will run ... concurrent and so will the one (1) year for carrying a handgun without a license. Possession of marijuana, one (1) year shall run consecutive. He's sentenced to the Department of Correction for twenty-one (21) years.

R. at 300–02. It is clear from the totality of the sentencing statement that the trial court did identify and consider Redmon's age in its evaluation, but found that it was outweighed by Redmon's extensive juvenile criminal history.

■ Although we find no reversible error in the sentencing statement, we must still determine whether Redmon's sentence is manifestly unreasonable. The Indiana Constitution gives this Court the power to review and revise sentences "to the extent provided by rule." Ind. Const. Art. VII, § 6. We will revise a sentence authorized by statute only when it is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B); *Brown v. State,* 720 N.E.2d 1157, 1159 (Ind.1999).

We see nothing in the nature of the offenses committed by Redmon, or in the record that makes Redmon's crimes more egregious than any other crime of burglary, theft, carrying a handgun without a license, or possession of marijuana. Redmon's entry into his mother and step-father's house did not cause personal injury to anyone, caused little, if any, damage to the dwelling, and did not result in any appreciable cost to the victims.

■ With respect to the character of the offender, we note that Redmon was only fifteen at the time of the crimes. Indiana decisional law has recognized that a defendant's youth, although not identified as a statutory mitigating circumstance, is a significant mitigating circumstance in some cases. *Carter,* 711 N.E.2d at 842. In *Brown,* our supreme court held that "[a] defendant's young age is to be given considerable weight as a mitigating circumstance." 720 N.E.2d at 1159. Youth is an even more powerful factor when the offender is less than sixteen. *Carter,* 711 N.E.2d at 842. Thus, Redmon's youth is an important factor in our review of his character.

We are cognizant of "our supreme court's recent instruction that 'the maximum sentence enhancement permitted by law ... should ... be reserved for the

very worst offenses and offenders." ' *Bluck v. State,* 716 N.E.2d 507, 516 (Ind. Ct.App.1999) (quoting *Buchanan v. State,* 699 N.E.2d 655, 657 (Ind.1998)) (quoting *Bacher v. State,* 686 N.E.2d 791, 802 (Ind. 1997)). With that in mind, we conclude that imposition of the maximum sentence, in light of Redmon's youth and the nature of his offenses, resulting in a total sentence of twenty-one years, is manifestly unreasonable.[1]

 Although sentence revision is necessarily somewhat arbitrary, *Carter,* 711 N.E.2d at 843, we conclude that Redmon's youthful age is significantly mitigating and that his sentence for burglary and theft should be reduced to the presumptive term. *See Trowbridge,* 717 N.E.2d at 150. We are mindful, however, of Redmon's extensive juvenile criminal history, and his failure to respond to previous rehabilitative measures—valid aggravators that the trial court duly noted. Therefore, we leave undisturbed the trial court's decision to impose one-year sentences for carrying a handgun without a license and possession of marijuana, as well as its decision to impose the possession of marijuana sentence consecutive to the others. As a result of this sentence reduction, Redmon's total executed sentence is reduced to eleven years.

## Conclusion

We affirm Redmon's convictions. We also affirm the trial court's imposition of a one-year sentence for carrying a handgun without a license and a one-year sentence for possession of marijuana, as well as the court's decision to impose the latter sentence consecutive to the others. However, we remand to the trial court with instructions to impose concurrent presumptive sentences of ten years for burglary and one and one-half years for theft, which, with the one year consecutive sentence for possession of marijuana, results in a total executed sentence of eleven years.

Affirmed and remanded with instructions.

FRIEDLANDER, J., and NAJAM, J., concur.

---

1. Our decision today is supported by comparison to other cases in which our supreme court has found that imposition of the maximum sentence on a youthful offender was manifestly unreasonable. *See Cherrone v. State,* 726 N.E.2d 251 (Ind.2000) (maximum and consecutive sentences for murder and attempted robbery imposed on sixteen-year-old offender who lacked significant criminal history was manifestly unreasonable); *Trowbridge,* 717 N.E.2d at 150 (maximum sentence imposed on fourteen-year-old for murder, robbery, burglary, aggravated battery, criminal confinement, escape, abuse of a corpse, theft, and auto theft was manifestly unreasonable); *Carter,* 711 N.E.2d at 843 (maximum sentence for murder imposed on fourteen-year-old manifestly unreasonable); *Hill v. State,* 499 N.E.2d 1103, 1109–10 (Ind.1986) (maximum sentence for burglary imposed on eighteen-year-old convicted of first adult felony was manifestly unreasonable, despite extensive juvenile history).