**Kenneth SPILLER, Jr., Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Appellee.**

**No. 45A05–0003–PC–107.**

Court of Appeals of Indiana.

Jan. 8, 2001.

---

Susan K. Carpenter, Public Defender of Indiana, Brian Eisenman, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

MATHIAS, Judge

In 1996, Kenneth Spiller, Jr. pleaded guilty to aggravated battery, conspiracy to commit murder, and three counts of murder. In exchange for these pleas, the State dismissed two counts of attempted murder and its request for the death penalty or life imprisonment without parole. Spiller was sentenced to concurrent sixty-year terms for each murder conviction, to be served consecutive to twenty years for aggravated battery and thirty-five years for conspiracy to commit murder, for a total sentence of 115 years. In 1998, he filed a petition for post-conviction relief, which was denied after a hearing. In this appeal, he raises two issues:

I. Whether the trial court abused its discretion by finding improper aggravating circumstances to enhance his sentences and to order them served consecutively; and

II. Whether his 115–year sentence is manifestly unreasonable.[1]

We affirm the denial of post-conviction relief.

**Facts and Procedural History**

On January 20, 1995, Spiller and Roman Jones drove to Levester Snelling's house to confront him about a debt. Spiller and Jones had agreed that Spiller would shoot and kill Snelling unless Snelling paid the debt.

Upon their arrival at Snelling's residence, Spiller and Jones confronted Snelling about the debt. After a brief discussion in the hallway, Spiller and Jones decided that Spiller would have to shoot Snelling. The two reentered the room, and Spiller fired a shot at Snelling, who fell to the ground and then fled through a window. Jones entered another room and began shooting its occupants while Spiller blocked the doorway to prevent any avenue of escape. Jones' shooting resulted in the death of three women, and Spiller shot a fourth woman who survived.

Spiller and Jones were initially charged with three counts of murder and two counts of attempted murder. The State later filed a request for the death sentence or life imprisonment without parole.

Over a year later, Spiller entered into a plea agreement with the State. He agreed to plead guilty to the three murder counts as well as amended counts of conspiracy to commit murder and aggravated battery.

---

1. Spiller's "Summary of the Arguments" and "Conclusion" sections of his brief also mention several provisions of the United States and Indiana Constitutions. The body of his argument does not mention these provisions, let alone make a cogent argument as required by Appellate Rule 8.3(A)(7). Accordingly, any claim of error based on these constitutional provisions is waived. *Humphrey v. State,* 680 N.E.2d 836, 842 n. 11 (Ind.1997).

In exchange for the pleas, the State agreed to dismiss the two attempted murder counts and withdraw its request for the death sentence or life imprisonment without parole. The plea agreement provided that the three murder sentences would be served concurrently but that the parties would otherwise be able to argue as to the appropriate sentence. Thus, the sentence could range from a minimum sentence of thirty years (the minimum for murder and imposition of concurrent sentences on all counts) to a maximum of 125 years (the maximum sentence of sixty years for murder consecutive to maximum sentences of forty-five years for conspiracy to commit murder and twenty years for aggravated battery). The trial court imposed consecutive sentences totaling 115 years (sixty years for murder, thirty-five years for conspiracy to commit murder, and twenty years for aggravated battery).

On June 22, 1998, Spiller filed a pro se petition for post-conviction relief. The State Public Defender entered her appearance a month later, and an amended petition was filed on January 7, 2000. A hearing was held on February 15, 2000, after which relief was denied. Spiller appeals that denial.

### Standard of Review

■ Spiller bore the burden in the post-conviction court of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues Spiller must show that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Harrison v. State,* 707 N.E.2d 767, 773 (Ind.1999), *cert. denied,* 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643

(2000) (citing *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995)). We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. *Id.* at 774.

### I. Propriety of the Aggravating Circumstances

■ Spiller first challenges the trial court's articulation of aggravating circumstances in its sentencing statement and sentencing order. When a trial court relies on aggravating or mitigating circumstances to deviate from the presumptive sentence, it is required to (1) identify all of the significant mitigating and aggravating circumstances, (2) state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) articulate the court's evaluation and balancing of the circumstances to determine if the mitigating circumstances offset the aggravating ones. *Carter v. State,* 711 N.E.2d 835, 837–38 (Ind.1999); *Hammons v. State,* 493 N.E.2d 1250, 1254 (Ind.1986). The trial court fulfilled this mandate.

■ The trial court articulated the following aggravating circumstances at sentencing: (1) a prior history of criminal conduct that included a conviction for operating a vehicle while intoxicated in 1992 and disorderly conduct in 1994; (2) "the imposition of a reduced or the imposition of concurrent sentences would depreciate the seriousness of the crimes committed"; (3) the nature and circumstances of the crime, including (a) that the crimes were particularly heinous, (b) that five people were shot and three were killed, (c) that the offenses represent "senseless violence," and (d) Spiller's active participation in the crimes;[2] and (4) the "great risk"

---

**2.** Although the trial court expressly found the nature of the crimes as an aggravating circumstance at sentencing, it did not mention this factor in its sentencing order. Thus, Spiller contends "[t]he fact that the trial court deliberately chose not to list the nature and circumstances of the crime as an aggra-

vating factor in the sentencing order precludes consideration of this factor as a basis for imposition of enhanced and consecutive sentences." Brief of Appellant at 17. We disagree. As our supreme court observed in *Marshall v. State,* 621 N.E.2d 308, 323 (Ind. 1993), "[t]he oral sentencing statement is a

that Spiller would commit another crime as reflected by the cold-bloodedness of the killings and the "total lack of respect for human life" that the killings represent. R. at 546–47. It found as mitigating circumstances that Spiller "plead[ed] guilty and admitted his guilt, that he has no prior felony convictions [and] that he has cooperated with the State of Indiana." R. at 547. The trial court observed that Spiller had "already received leniency from the State of Indiana for his cooperation in view of the plea agreement...." R. at 547. The trial court found that the aggravating circumstances, especially the "nature of the crimes, far outweigh the mitigating circumstances." R. at 548. Spiller contends that some of the aggravating circumstances were improper.

■■■ We review a trial court's finding of aggravating circumstances for an abuse of discretion. *Noojin v. State*, 730 N.E.2d 672, 678 (Ind.2000). It is well settled that a single aggravating circumstance may be sufficient to support imposition of an enhanced sentence. *Thacker v. State*, 709 N.E.2d 3, 10 (Ind.1999). Moreover, the same circumstance may be used to both enhance a sentence and impose consecutive sentences. *Taylor v. State*, 710 N.E.2d 921, 925 (Ind.1999).

■■■ Spiller first contends that the trial court erred in finding that the imposition of a reduced sentence would depreciate the seriousness of the crimes as a factor to enhance his sentences. We agree. As our supreme court has noted on many occasions, "this aggravator cannot be used to justify an enhanced sentence. This aggravating factor may be used only when considering the imposition of a sentence of shorter duration than the presumptive sentence." *Ector v. State*, 639 N.E.2d 1014, 1016 (Ind.1994); *accord Garrett v. State*, 714 N.E.2d 618, 622 (Ind.

1999); *Jones v. State*, 675 N.E.2d 1084, 1088 (Ind.1996). Although the court has upheld a "sentence enhancement based upon a finding that a sentence less than an *enhanced* term sought by the prosecution would depreciate the seriousness of the crime," *Ector*, 639 N.E.2d at 1016 (emphasis in original), the trial court made no such finding here. Accordingly it erred in using this factor to enhance the sentences. However, when the trial court improperly applies an aggravator, a sentence enhancement may still be upheld so long as it is supported by other valid aggravating circumstances. *Willey v. State*, 712 N.E.2d 434, 446 (Ind.1999); *Gibson v. State*, 702 N.E.2d 707, 710 (Ind.1998), *cert. denied*, —— U.S. ——, 121 S.Ct. 155, 148 L.Ed.2d 103, (2000).

■■■ Spiller next argues that the trial court abused its discretion in finding his prior criminal history as an aggravating circumstance. He relies on *Wooley v. State*, 716 N.E.2d 919 (Ind.1999), in which our supreme court held that "a criminal history comprised of a single, nonviolent misdemeanor is not a significant aggravator in the context of a sentence for murder." *Id.* at 929 (footnote omitted). This reliance is misplaced, however, because Wooley had only one conviction for a nonviolent misdemeanor, whereas Spiller had two. Moreover, unlike in *Wooley*, this aggravating circumstance regarding Spiller was offset, at least to some extent, by the trial court finding that "the defendant has no prior felony convictions" as a mitigating circumstance. R. at 187, 547. We find no abuse of discretion.

■■■ Finally, Spiller contends that the trial court abused its discretion in finding the "great risk" of recidivism as an aggravating circumstance. The trial court explained this finding "in virtue of the nature of these offenses. These were cold blood-

---

clear representation of the trial court's finding of aggravating circumstances. It is logical that the transcript ... is more accurate [than the sentencing order]." Moreover, the nature and circumstances of the crime is a

proper aggravating circumstance that, even if not found by the trial court, may be relied upon by the appellate court in affirming an enhanced sentence. *Mitchem v. State*, 685 N.E.2d 671, 680 (Ind.1997).

ed killings. They indicate a total lack of respect for human life." R. at 547. Our supreme court recently addressed a similar claim in *Shields v. State*, 699 N.E.2d 636, 639 (Ind.1998), in which the trial court noted "[t]he risk that the defendant will commit another crime is high because the manner of death was particularly brutal." Our supreme court observed "[i]n felony cases, a trial court is not limited to using only the specifically described statutory aggravators in enhancing a sentence. Ind. Code § 35–38–1–7.1(d) (1993); *Johnson v. State*, 687 N.E.2d 345, 347 (Ind.1997)." *Id.* The risk that the defendant would commit another crime is a mandatory sentencing consideration under Indiana Code § 35–38–1–7.1(a) and may also be considered under subsection (d). *Id.* Accordingly, we find no abuse of discretion in the trial court finding the risk that Spiller would commit another crime as an aggravating circumstance.

In sum, although the trial court found one improper aggravating circumstance, it found three proper ones. These circumstances are sufficient to support the enhanced and consecutive sentences imposed. *See Willey*, 712 N.E.2d at 446; *Taylor*, 710 N.E.2d at 925.

## II.  Manifestly Unreasonable

As a final point, Spiller contends that his 115–year sentence is manifestly unreasonable. Although this court has the constitutional authority to review and revise sentences, *see* Ind. Const. Art. VII, § 6, it will do so only when the sentence is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B); *Redmon v. State*, 734 N.E.2d 1088, 1094 (Ind.Ct.App.2000). Our review under Rule 17(B) is very deferential to the trial court: "The issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Bunch v. State*, 697 N.E.2d 1255, 1258 (Ind.1998) (quoting *Prowell v. State*, 687 N.E.2d 563, 568 (Ind.1997)).

Oddly enough, Spiller points to *Bacher v. State*, 686 N.E.2d 791, 802 (Ind.1997) in which our supreme court observed that "the maximum enhancement permitted by law ... should ... be reserved for the very worst offenses and offenders," but this principle has no applicability to Spiller's case. First of all, Spiller received nothing near "the maximum enhancement permitted by law." He initially faced the possibility of a death sentence or life imprisonment without parole for his crimes, but he was offered a plea agreement that greatly reduced the amount of prison time he could receive and eliminated the possibility of a death sentence or life imprisonment without parole. Moreover, in our view, Spiller's crimes are among the "very worst." He was a participant in a plan to kill a man over an unpaid debt, which escalated into the killing of three women and serious, protracted bodily injury to another.

The mitigating circumstances regarding Spiller's character (his non-felony criminal history, his admission of guilt, and his cooperation with the prosecution of Jones) pale in comparison to the nature of these multiple, horrific, cold-blooded crimes. Spiller's 115–year sentence is not manifestly unreasonable.

## Conclusion

The denial of post-conviction relief is affirmed.

Affirmed.

MATTINGLY and ROBB, JJ., concur.