Paul VEAL, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49S00–0012–CR–785.

Supreme Court of Indiana.

March 7, 2003.

Ann M. Sutton, Appellate Public Defender, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Paul Veal pleaded guilty to murder, rape, criminal confinement, and cruelty to animals pursuant to an agreement calling for a sentence from eighty-five years to life without parole. In this direct appeal, Veal challenges his sentence on the grounds that the trial court erred in considering victim impact evidence and improperly found statutory mitigating circumstances to be aggravating. We affirm.

### Factual and Procedural Background

Late on the night of May 15, 1998, Veal, armed with a handgun, went alone to the apartment of Candace Tyler. By his own account, he first shot Tyler in the face, then raped her and finally killed her with a shot to the back of the head in order to prevent her from identifying him. At some point, he also shot and killed Tyler's dog.

Veal pleaded guilty to murder, rape, criminal confinement and cruelty to animals. He was sentenced by the trial court to life without parole on the murder charge, the presumptive sentence of one year on the cruelty to animals charge, and enhanced statutory maximum sentences of fifty years for rape and twenty years for criminal confinement, all to run consecutively.

■ Life without parole, like the death penalty, requires a finding of an aggravating circumstance identified in Indiana Code section 35–50–2–9(b) (2002). *Highbaugh v. State*, 773 N.E.2d 247, 251 (Ind. 2002). When this direct appeal was first presented, this Court determined that the initial sentencing order imposing LWOP had relied on non-statutory factors. The case was remanded for a new sentencing order, and this appeal now addresses issues raised under the revised order.

### I. Admission of Victim Impact Evidence

■ Tyler was nineteen years old when Veal murdered her. Tyler's maternal aunt, stepfather, and mother all testified at the sentencing hearing about the niece and daughter they had lost, the effect of the crime on them, and their own recommendations regarding Veal's sentence.[1] Veal objected to this testimony on

---

1. Tyler's aunt testified in part as follows:

   Candace was a beautiful child .... loving .... very family oriented .... very giving.... She was concerned about the homeless on a trip to Washington, D.C. for her school and for the City of Hammond.... She never wanted anyone to give her anything. She worked .... she was always a pleasure. She always made me very proud.... But I don't think my family wants vengeance or revenge—we want justice. And if justice means that Paul Veal should sit in jail for the rest of his natural life—then I think that is justice. I think that Candace begged for mercy—and he showed her none. I think by the same token, he should get no mercy. No mercy. Tyler's stepfather testified in pertinent part as follows:

   Candace became that daughter that I didn't have .... it's been devastating ... we just don't feel like we have anything to live

the ground that it was inadmissible victim impact evidence. Veal cites *Bivins v. State*, 642 N.E.2d 928 (Ind.1994), for the proposition that victim impact evidence is admissible under the death penalty statute only where it is "relevan[t] to the death penalty statute's aggravating and mitigating circumstances." *Id.* at 957. Cases in which life without parole is sought are governed by the same statute. *Pope v. State*, 737 N.E.2d 374, 382 (Ind.2000) (citing *Ajabu v. State*, 693 N.E.2d 921, 936 (Ind.1998)). The trial court overruled the objection on the ground that *Bivins* applied to the penalty phase of a death penalty or LWOP trial, but not to a sentencing hearing.

■ In the trial court's sentencing order, the only aggravating circumstance relied upon to impose LWOP was a finding that Veal murdered the victim while committing or attempting to commit rape. Ind.Code § 35–50–2–9(b)(1)(F) (1998).[2] We agree that this victim impact testimony would have been inadmissible at the penalty phase of an LWOP trial because the testimony of Tyler's family related solely to the consequences of this crime and was irrelevant to the sole charged aggravator.

However, this testimony was offered in a sentencing hearing, in which Veal was sentenced for both the murder and the other counts. Although the family's opinions are not statutory aggravating factors under section 35–38–1–7.1(b), they are permissible under subsection (a)(6) as to those counts. I.C. § 35–38–1–7.1(b) and (a)(6) (2002); *Loveless v. State*, 642 N.E.2d 974, 978 (Ind.1994) (expressly approving victim impact testimony from the victim's family). There is a presumption that a court in any proceeding that is tried before the bench rather than before a jury "renders its decision solely on the basis of relevant and probative evidence." *Coleman v. State*, 558 N.E.2d 1059, 1062 (Ind.1990). The same is true of a sentencing hearing.

Finally, the sentencing order relied only on the statutory factors in determining eligibility for LWOP. There is no indication in the order that the trial court considered the victim impact testimony in making its determination on this point. *Prowell v. State*, 687 N.E.2d 563, 565 (Ind. 1997) (the admission of victim impact evidence was harmless if the sentencing order did not mention the evidence). Again, we

---

for.... She just made life so special.... It was just taken from her and there was no reason for it.... When I went to pay for the funeral ... this is the actual change. This is not a replica ... and I'll have it the rest of my life. Sixty-two cents—and ... this is the key to the casket. What are we going to do with this. What is this for. We can't go out there and crank it up and look at it every other—on a birthday—we just got a key to the casket. What am I gonna do with this. What am I supposed to do with this.... If the best he can get is life without parole—we'll take that.

Tyler's mother testified in pertinent part as follows:

Candace and I were one. One from one is zero—that's how I am now. She was my everything. I lived, I breathed for Candace.... Now who do I have? He stole her. He robbed me of my life.... I have

no grandkids. We will never.... Our blood runs no more.... I have nothing in this world.... I should be dead .... she was my best friend.... I'm dead.... He should get life. He should never ever walk the streets again. He should not be allowed to see anything but the sky. He shouldn't be able to do this to another person—to another family—to another community. Life with no parole.

2. The statutory aggravating circumstance is "intentional killing" in the course of a felony. I.C. § 35–50–2–9(b)(1)(F) (1998). Although murder can be committed either "knowingly" or "intentionally," there is no dispute that this killing was intentional so there is no consequence to the trial court's technically deficient formulation of this aggravating circumstance as "murder."

presume that a court in a bench proceeding relies only on relevant and probative evidence in reaching its decision. *Coleman*, 558 N.E.2d at 1062. The sentencing order gives no indication of any reason to challenge that presumption.

## II. Aggravating Circumstances on non-LWOP Counts

■ In order for a trial court to impose enhanced or consecutive sentences, it must (1) identify the significant aggravating factors and mitigating factors; (2) relate the specific facts and reasons that the court found to those aggravators and mitigators; and (3) demonstrate that the court has balanced the aggravators with the mitigators. *Ajabu v. State*, 722 N.E.2d 339 at 343 (Ind.2000) (citing *Gregory v. State*, 644 N.E.2d 543, 545 (Ind.1994)).

The trial court in Veal's case enhanced the sentences of rape and criminal confinement. Because rape is a crime of violence, there is no statutory limit on the total of the sentences for rape and criminal confinement when imposed consecutively. I.C. § 35–50–1–2(c) (2001).

In its revised sentencing order, the trial court separated its discussion of the murder charge from its discussion of the remaining counts and identified the significant aggravating and mitigating factors that it relied on in sentencing on the remaining counts. The trial court also supplied a cursory, though sufficient, identification of specific facts and reasons supporting these aggravators and mitigators and provided a satisfactory demonstration that it had conducted a balancing of the aggravators with the mitigators. The trial court also explained that the aggravating circumstances outweigh the mitigating circumstances and justify the enhanced, consecutive sentences imposed.

■ Veal also argues that the trial court improperly considered statutory mitigators as aggravators on the remaining counts. The aggravators considered by the trial court in its sentencing order are: (1) there was no justifiable excuse for committing the offense; (2) the victim in no way induced or facilitated the offense; (3) Veal was not likely to respond affirmatively to probation or short-term imprisonment as indicated by his history; (4) Veal has a history of criminal offenses as a juvenile; (5) Veal shows little remorse and takes no responsibility for his actions; (6) the facts and circumstances of the offense reveal the heinous nature of the offense. The first three aggravators are essentially the absence of a potential mitigating circumstance. Under Indiana Code sections 35–38–1–7.1(c)(3), (4), and (6), the sentencing court may consider as mitigators that there was a justifiable excuse for the commission of the offense, that the victim induced or facilitated the offense, or that the accused person is likely to respond affirmatively to probation or short-term imprisonment.

■ Although these first three are not proper aggravating circumstances, the trial court's sentence was nevertheless supported by the record. A trial court may rely upon only one aggravating circumstance to support an enhanced sentence. *Hollen v. State*, 761 N.E.2d 398 (Ind.2002). That same circumstance may also be used to justify the imposition of consecutive sentences. *Spiller v. State*, 740 N.E.2d 1270, 1274 (Ind.App.2001) (citing *Taylor v. State*, 710 N.E.2d 921, 925 (Ind.1999)). A trial court may find a defendant's lack of remorse to be an aggravating factor. *Brooks v. State*, 497 N.E.2d 210, 221 (Ind.1986). And, so long as an element of a crime is not cited as an aggravating circumstance, the court may consider the nature and circumstances of the crime committed. I.C. § 35–38–1–7.1(a)(2) (2002); *Armstrong v. State*, 742

N.E.2d 972, 981 (Ind.App.2001). The sentencing court's consideration of the heinous nature of the offense as an aggravator was permissible, and Veal has no quarrel with the consideration of the fourth aggravating factor, his juvenile criminal history. In view of these properly identified factors, and because a single factor is sufficient, there is no procedural error in imposing the sentences found appropriate by the trial court. Given the facts of this case, we do not find the sentence manifestly unreasonable.

## Conclusion

The sentencing order of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.