## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 28 2018, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Fitzgerald Johnson, Jr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | November 28, 2018 <br><br> Court of Appeals Case No. 18A-CR-1682 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Clarence D. Murray, Judge <br><br> Trial Court Cause Nos. 45G02-1602-F2-3 45G02-1606-F3-21 |

**Bradford, Judge.**

# Case Summary

[1]     In April of 2018, pursuant to a plea agreement, John Fitzgerald Johnson, Jr., pled guilty to one count of Level 5 felony battery by means of a deadly weapon and two counts of Level 5 felony robbery in Lake County. In exchange, the State agreed to dismiss all remaining counts. The trial court sentenced Johnson to fifteen years of incarceration. Johnson contends that the trial court abused its discretion by finding his eleven victims, who were listed in the stipulated factual basis, to be an aggravating circumstance. Further, Johnson contends that his sentence is inappropriate in light of the nature of his offenses and his character. Because we disagree, we affirm.

# Facts and Procedural History

[2]     On January 23, 2016, Johnson and N'Vaun Lewis arranged to meet with Robert Wisniewski about Johnson's truck, which he had listed for sale on Craigslist. When Wisniewski and his father arrived, Johnson demanded that they hand over money and other property or be shot. Johnson and Lewis took Wisniewski's mobile telephone and fled. On February 2, 2016, Johnson and Lewis again arranged a meeting about Johnson's truck, this time with Cain Herrera. When Herrera arrived accompanied by his father and brother, Johnson and Lewis rushed their vehicle. As Herrera and his family drove away, Johnson pulled out a handgun and fired multiple close-range shots at the vehicle, one striking Herrera in the face. Herrera's jaw was fractured, he lost teeth and part of his tongue, and he had to attend speech therapy to relearn to talk and eat.

The State charged Johnson, in cause number 45G02-1602-F2-3 ("Cause No. F2-3"), with one count of Level 2 felony attempted robbery resulting in serious bodily injury, two counts of Level 3 felony armed robbery, and two counts of Level 3 felony attempted robbery.

[3] On April 14, 2016, Brandon Arizpe agreed to meet Johnson to purchase a television that Johnson had listed for sale on Craigslist. When Arizpe arrived, Johnson demanded money and began making threats, including telling Arizpe that he had a gun. Johnson ultimately took money, two mobile telephones, and a handgun from Arizpe. On June 17, 2016, the State charged Johnson, under cause number 45G02-1606-F3-21 ("Cause No. F3-21"), with two counts of Level 3 felony armed robbery and two counts of Level 3 felony criminal confinement.

[4] Pursuant to a plea agreement, on April 3, 2018, Johnson pled guilty in amended Cause No. F2-3 to Level 5 felony battery by means of a deadly weapon and Level 5 felony robbery and in amended Cause No. F3-21 to Level 5 felony robbery. In exchange, the State agreed to dismiss all remaining counts, and Johnson consented to the stipulated factual basis which was submitted to the trial court by the State. On June 1, 2018, the trial court sentenced Johnson to consecutive five-year terms of incarceration on each count, for an aggregate sentence of fifteen years. The trial court concluded that the aggravating circumstances outweighed any mitigating circumstances, most notably Johnson's criminal history, the number of victims, and the nature and circumstances of the offenses.

# Discussion and Decision

## I. Abuse of Discretion

[5] Johnson contends that the trial court abused its discretion by improperly finding his eleven victims to be an aggravating circumstance at sentencing. We review the trial court's finding of an aggravating circumstance for an abuse of discretion. *Spiller v. State,* 740 N.E.2d 1270, 1274 (Ind. Ct. App. 2001), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law." *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*.

[6] Johnson specifically asserts that the trial court abused its discretion by considering his eleven victims to be an aggravating circumstance when only nine where included in the stipulated factual basis and the trial court failed to establish that each of those victims was harmed. Both of Johnson's assertions fail. First, the stipulated factual basis did list eleven different victims. Moreover, the trial court did not need to establish that a particular harm occurred to each person because Johnson stipulated that these eleven named persons were victims. Johnson has failed to establish that the trial court abused its discretion by finding the eleven victims of his crimes to be an aggravating circumstance.

# II. Appropriateness

[7] Johnson contends that his fifteen-year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that his sentence is inappropriate in the light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). Johnson pled guilty to one count of Level 5 felony battery by means of a deadly weapon and two counts of Level 5 felony robbery and received a sentence of five years executed for each conviction, to be served consecutively, which is above the advisory, but below the maximum. *See* Ind. Code § 35-50-2-6.

[8] The nature of Johnson's offenses does not support a reduction in his sentence. Johnson carefully planned to lure his victims to a place where he would rob them and battered one in a far more brutal manner then was necessary to sustain his conviction. Moreover, by committing multiple crimes against multiple victims, the trial court was justified in imposing consecutive sentences. *See O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001) (emphasizing that multiple crimes or victims constitute a valid aggravating circumstance for imposing consecutive sentences).

[9]     Johnson's character also does not support a reduction in his sentence. The thirty-two-year-old Johnson has a history with the criminal and juvenile justice systems that dates back to an arrest for truancy at age fifteen. As a juvenile, Johnson was adjudicated delinquent for what would be Class D felony theft and Class A misdemeanor conversion if committed by an adult. As an adult, Johnson has convictions for Class A misdemeanor possession of marijuana, Class B misdemeanor visiting a common nuisance, and Class C felony criminal recklessness. Johnson has also violated parole. At the time of sentencing in this case, Johnson had pending charges in Marion County for Level 5 felony possession of a handgun. Despite his many contacts with the criminal and juvenile justice systems, Johnson has been unwilling to conform his actions to societal norms. Johnson has failed to establish that his sentence is inappropriate.

[10]    The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.