## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 18 2019, 10:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James D. Crum
Coots Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tito Aguilar Sanabria,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 18, 2019

Court of Appeals Case No.
18A-CR-2105

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1704-F2-2786

**Bradford, Judge.**

# Case Summary

In August of 2018, Tito Aguilar Sanabria pled guilty to Level 4 felony dealing in methamphetamine. After being arrested while transporting 141 grams of methamphetamine while his wife and child were in the car, the trial court sentenced him to eight years of incarceration. Sanabria challenges his sentence on appeal. We restate his contentions as whether (1) the trial court abused its discretion in finding his criminal history to be an aggravating factor, and (2) his sentence is inappropriate. We affirm.

# Facts and Procedural History

On April 19, 2018, Fishers Police Officer Greg Weesner stopped Sanabria's vehicle for following another vehicle too closely and failing to properly signal three lane changes. Sanabria was driving with his wife in the passenger seat and his ten-year-old son in the backseat. Officer Weesner approached the vehicle and requested driver's licenses from both adults. Sanabria and his wife produced international driver's permits[1]. Officer Weesner observed that Sanabria and his wife both appeared nervous, and that the glove compartment

---

[1] An international driver's permit (IDP), often referred to incorrectly as an international driver's license, is a document that translates a person's home driver's license into a different language so that they may drive legally in another country. *International Driver Permits,* DMV, https://www.dmv.org/international-driver-permits.php (last visited Feb. 28, 2019). In Indiana, travelers cannot use a foreign language driver's license for identification purposes without an IDP. BMV, *New Indiana Residents*, IN.GOV, https://www.dmv.org/international-driver-permits.php (last visited Feb. 28, 2019).

contained a CD entitled *Narcos Cultura,* which, based on his training, Officer Weesner knew to glorify "the narcotic lifestyle[,]" and that many individuals who sell or transport narcotics listen to it. Appellant's Vol. II p. 16. Sanabria complied with Officer Weesner's request to exit the vehicle and to sit in the backseat of Officer Weesner's police cruiser. Sanabria and his wife gave Officer Weesner conflicting stories about where they were going. Sanabria consented to a K9 sniff of the vehicle, which rendered a positive alert. Officers searched the vehicle and found a 141-gram rock of methamphetamine in a storage area behind the back seat. After Sanabria's arrest, it was discovered that he is an undocumented immigrant, and United States Immigration and Customs Enforcement placed an active detainer and immigration hold on Sanabria.

[3] Pursuant to the terms of a plea agreement, Sanabria pled guilty to Level 4 felony dealing in methamphetamine. In exchange, the State agreed to dismiss the Level 3 felony possession of methamphetamine and Class C misdemeanor operating a vehicle without a license charges. The parties also agreed that Sanabria's sentence would be capped at twelve years. During sentencing, the trial court considered Sanabria's criminal history, the remoteness of his prior convictions and Sanabria's choice to involve his family in dangerous criminal activity. The trial court sentenced Sanabria to eight years of incarceration.

# Discussion and Decision

# I. Abuse of Discretion

[4] Sanabria contends that the trial court erred in failing to consider the remoteness of his previous convictions to be a mitigating factor. We review the trial court's finding of an aggravating or mitigating circumstance for an abuse of discretion. *Spiller v. State*, 740 N.E.2d 1270, 1274 (Ind. Ct. App. 2001), *trans. denied.* "An abuse of discretion exists if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Lewis v. State*, 31 N.E.3d 539, 541–42 (Ind. Ct. App. 2015). We do not review the trial court's decision concerning the relative weight or value of aggravating or mitigating circumstances. *Anglemyer v. State*, 868 N.E.2d 482, 490–91 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind 2007).

[5] The record indicates that the trial court acknowledged the remoteness of Sanabria's previous criminal convictions yet still found his criminal history to be an aggravating factor. It was within the trial court's discretion to do so. *See Buchanan v. State*, 767 N.E.2d 967, 972 (Ind. 2002) ("The remoteness of prior criminal history does not preclude the trial court from considering it as an aggravating circumstance."). To the extent that Sanabria argues that the trial court should have found the remote nature of his criminal history to be mitigating rather than aggravating, Sanabria's argument is merely an invitation to reweigh the aggravating and mitigating circumstances, which we will not do.

*See Anglemyer*, 868 N.E.2d at 490–91. Sanabria has failed to establish that the trial court abused its discretion in sentencing him.

# II.      Appropriateness

Sanabria also contends that his eight-year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. App. Rule 7(B). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. Ct. App. 2008) (internal citations omitted). The defendant bears the burden of proving that his sentence is inappropriate. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). Sanabria pled guilty to Level 4 felony dealing in methamphetamine, and received a sentence of eight years, which is above the advisory of six years but below the maximum of twelve years. *See* Ind. Code § 35-48-4-1.1.

The nature of Sanabria's crime does not support a reduction of his sentence. Sanabria transported 141 grams of methamphetamine in a car while his wife and son were passengers. Further, Sanabria planned to sell the methamphetamine while his wife and son were present, potentially compromising their safety. The nature of Sanabria's actions demonstrated a clear disregard for the well-being of his family and his community.

[8]     Sanabria's character also does not support a reduction of his sentence. Sanabria's criminal history includes one felony conviction for illegal possession of a narcotic substance and three misdemeanor convictions. These convictions are a poor reflection on Sanabria's character. In addition, Sanabria's illegal entry into this country and his use of various aliases to hide his identity indicate a disregard for the laws of this state and country. Sanabria has failed to establish that his sentence is inappropriate.

[9]     The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.